## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

NARKEITA PEOPLES,                          CASE NO.:

     Plaintiff,

v.

QUEST DIAGNOSTICS INCORPORATED,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, NARKEITA PEOPLES ("Ms. Peoples" or "Plaintiff"), files this complaint against Defendant, QUEST DIAGNOSTICS INCORPORATED ("Quest" or "Defendant"), and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*. ("ADA"), Title VII of the Civil Rights Act ("Title VII"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, punitive damages, and reasonable attorneys' fees and costs.

2.    This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3.    This Court has jurisdiction over Plaintiff's ADA/Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as Plaintiff's ADA and FMLA claims.

4.    At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Seminole County, Florida.

5.    Defendant is a foreign corporation that is located and does business in Seminole County, Florida, and is therefore within the jurisdiction of this Court.

6.    Plaintiff worked for Defendant in Seminole County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

7.    At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

9. Plaintiff is a disabled black female. At all times material, Plaintiff was protected during her employment with Defendant by Title VII, ADA , and the FCRA because:

a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

b. Plaintiff suffered discrimination and harassment because of her race/color by Defendant

c. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability," and her race/color.

10. Defendant was at all times an "employer" as envisioned by the ADA, Title VII, and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

11. On or around July 21, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12. More than 180 days have passed since the filing of the Charge of Discrimination.

13. On or around January 25, 2023, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16. Ms. Peoples worked for Quest as a Histotechnician, from October 18, 2016, until her termination on July 09, 2021.

17. During her many years with Quest, Ms. Peoples was an excellent employee, and had no significant history of non-medical attendance, tardiness, or disciplinary issues.

18. Unfortunately, as Quest was aware, Ms. Peoples suffered debilitating flareups of ongoing disabilities and serious health conditions.

19. During her tenure, Ms. Peoples suffered discrimination at the hands of the Office Director, Ms. Vicky Bened, a white female.

20. In June of 2019, Ms. Peoples received an unwarranted write up by Ms. Vicky Bened, rather than from her direct supervisor regarding taking a full thirty (30) minute lunch and/or scheduling lunch close to her departure time.

21. Other similarly situated employees who were not black or disabled or suffered serious health conditions did not receive similar write ups as Ms. Peoples.

22. Additionally, Ms. Vicky Bened purposefully back dated Ms. Peoples' arrival time to work without any notice to Ms. Peoples.

23. As a result, Ms. Peoples was issued a written warning from Ms. Vicky Bened and, again, not by her direct supervisor.

24. On August 16, 2019, Ms. Peoples was scheduled for a medical appointment and took leave pursuant to the FMLA.

25. However, prior to going on FMLA leave, Ms. Vicky Bened approached Ms. Peoples in an aggressive and angry tone to address some trivial issue.

26. Ms. Peoples reached out to Human Resources to levy objections against Ms. Vicky Bened's discriminatory actions based on Ms. Peoples' race/color and

disability, and in retaliation for having to use FMLA leave to treat her serious health condition.

27. Upon Ms. Peoples return from FMLA leave, she found her workstation had been completely cleared out.

28. In addition, Ms. Peoples was informed that she could not return to work.

29. Quest refused to give Ms. Peoples a 40 hour work week schedule, but other similarly situated employees who did not suffer from disabilities or take FMLA leave, were granted 40 hour work week schedules.

30. On April 27, 2020, upon Ms. Peoples' return from FMLA leave, Ms. Bened negative attitude towards Ms. Peoples worsened.

31. In the following months, Ms. Bened rampage towards Ms. Peoples for suffering from disabilities, for being black, and for requiring to use FMLA leave, continued to develop.

32. Ms. Bened treated Ms. Peoples differently for suffering from disabilities, for requiring FMLA leave to treat her serious health condition, and for being black.

33. Eventually, on July 09, 2021, Ms. Bened terminated Ms. Peoples' employment with Quest.

34. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

35.  Plaintiff's termination was for pretextual and discriminatory reasons based on Plaintiff's race/color, disabilities, and for engaging in protected activity under Title VII, ADA, the FCRA, and FMLA.

36.  Ms. Peoples' requests for reasonable accommodation/leave are both considered "protected activity," under the FMLA, the ADA, and the FCRA.

37.  It is clear that Ms. Peoples' termination was a result of Quest's retaliation based on Ms. Peoples' requests for accommodation for her disabilities, Ms. Peoples' disabling, serious health conditions, and Ms. Peoples' use of unpaid FMLA leave in order to treat and address same, and her race/color.

38.  Quest's adverse employment action recounted herein was taken in interference with, and retaliation for, Ms. Peoples disclosing her serious health conditions, and utilizing what should have been FMLA leave to treat and address same.

39.  Because Quest failed to reinstate Ms. Peoples to a similar position she enjoyed prior to going on FMLA leave to treat and address her chronic, serious health conditions, Quest's employment actions constituted blatant FMLA interference.

40.  Ms. Peoples was unquestionably engaging in statutorily protected conduct by advising Quest of her serious health conditions and utilizing unpaid leave pursuant to the FMLA in order to address the conditions.

41.  Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization of protected FMLA leave.

42.  Defendant also discriminated against Ms. Peoples due to her disability and race/color, and retaliated against her due to her requests/utilization of reasonable accommodations.

43.  An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship.

44.  Ms. Peoples is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of her job.

45.  Allowing Ms. Peoples to utilize a period of unpaid leave without penalty or negative repercussions, such as termination and/or disciplinary actions, would have been a reasonable accommodation.

46.  By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

47.  Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

48. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

49. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

50. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

51. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

52. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

53. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

54. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability," and her race/color.

55. At all material times hereto, Plaintiff was ready, willing and able to

perform her job duties.

56.    Plaintiff was treated in a disparate manner from her non-black, non-disabled counterparts.

57.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

58.    Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

59.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**UNLAWFUL INTERFERENCE UNDER THE FMLA**

60.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-8, 16-41, and 57-59, above.

61. At all times relevant hereto, Plaintiff was protected by the FMLA.

62. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

63. At all times relevant hereto, Defendant interfered with Plaintiff by harassing her every time she undertook leave, which dissuading her from taking

further FMLA leave, and for failing to reinstate Plaintiff to the same or similar position upon her return from FMLA leave.

64. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

65. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

<u>COUNT II</u>
<u>UNLAWFUL RETALIATION UNDER THE FMLA</u>

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-8, 16-41, and 57-59, above.

67. At all times relevant hereto, Plaintiff was protected by the FMLA.

68. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

69. At all times relevant hereto, Defendant retaliated against Plaintiff for using FMLA leave and for attempting to utilize FMLA-protected leave.

70.  Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

71.  As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

72.  As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## <u>COUNT III</u>
## <u>DISCRIMINATION UNDER THE ADA BASED ON DISABILITY</u>

73.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-37, 42-57, and 59 above.

74.  The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

75.  The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

76.  The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

77.  Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

78.  The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

79.  Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

80.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-37, 42-57, and 59 above.

81. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

82. The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

83. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

85. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

86. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as

her costs and attorneys' fees, declaratory and injunctive relief, and such other and

further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

87. Plaintiff reincorporates and readopts all allegations contained within

Paragraphs 1, 3-6, 9-37, 42-57, and 59 above.

88. Plaintiff was terminated within close temporal proximity of her requests

for reasonable accommodations based on her disability.

89. Plaintiff's requests constituted protected activity under the ADA.

90. Plaintiff was terminated as a direct result of her requests for reasonable

accommodations and objections to discrimination.

91. Plaintiff's requests for accommodations, her objections towards

discrimination, and her termination, are causally related.

92. Defendant's stated reasons for Plaintiff's termination are a pretext.

93. The conduct of Defendant and its agents and employees proximately,

directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary

losses.

94.  The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

95.  Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

96.  Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

97.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-37, 42-57, and 59 above.

98.  Plaintiff was terminated within close temporal proximity of her requests for reasonable accommodations based on her disability.

99.  Plaintiff's requests constituted protected activity under the FCRA.

100. Plaintiff was terminated as a direct result of her requests for reasonable accommodations and objections to discrimination.

101. Plaintiff's requests for accommodations, her objections towards discrimination, and her termination, are causally related.

102. Defendant's stated reasons for Plaintiff's termination are a pretext.

103. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

104. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

105. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

106. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to,

front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VII:  DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON RACE/COLOR

107.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-17, 19-23, 26, 31-35, 42, 54-57, and 59 above.

108.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination based on race/color under Title VII.

109.   The discrimination/disparate treatment/hostile work environment to which Plaintiff was subjected was based on her race/color.

110.   Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff. *See, e.g., E.E.O.C. v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068-69 (11th Cir. 1990).

111.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

112.    Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

113.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

114.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

115.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.\

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VIII:  DISCRIMINATION IN VIOLATION OF THE FCRA BASED ON RACE/COLOR

116.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-17, 19-23, 26, 31-35, 42, 54-57, and 59 above.

117.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination based on race/color under the FCRA.

118.   The discrimination/disparate treatment/hostile work environment to which Plaintiff was subjected was based on her race/color.

119.   Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

120.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

121.   Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

122.   The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

123.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

124.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to,

front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IX: RETALIATION
## IN VIOLATION OF TITLE VII BASED ON RACE/COLOR

125.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-17, 19-23, 26, 31-35, 42, 54-57, and 59 above.

126.    The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq*.

127.    The retaliation to which Plaintiff was subjected was based on her race/color.

128.    The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

129.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

130.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

131.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT X: RETALIATION
## IN VIOLATION OF THE FCRA BASED ON RACE/COLOR

132.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-17, 19-23, 26, 31-35, 42, 54-57, and 59 above.

133.   The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against retaliation under the FCRA, Chapter 760, Florida Statutes.

134.   The retaliation to which Plaintiff was subjected was based on her race/color and her objections to unlawful discrimination.

135.   The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

136.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

137.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Florida Statutes.

138.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 20th day of April, 2023.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.

Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*